Scott, judge,
delivered the ©pinion of’ the court.
This-wa» a bill in chancery, filed by McDaniel, against Orton and Mudgett, to compel the conveyance of the title of' a tract of land to McDaniel*, to which he was entitled by pre-emption, and for which as was alleged Orton had obtained a patent by fraud.
The bill states, that the public land apt being surveyed, McDaniel having settled on one. quarter- s.ection. of land, improved and cultivated another- quarter section, by which he was entitled tp elect, under the acts of congress- of 1838 and MO, on which one of the two he would prove-his-r%ht of pre-emption. That there, were several claimants of the right of pre-emption to. the. quarter section which he claimed by virtue of’ cultivation. That on, the trial of the right before the register apd receiver, the land was awarded to, Robert W. Donnell and the heirs of- John, Donnell*. From this determination, the several unsuccessful *13 claimants appealed to the Commissioner of the general land office. That pending the appeal whoSe determination wás long delayed, the Sales of the public lands, including those to which he claimed a right of preemption, came on in pursuance of thfe proclamation of thfe President of the United States. McDaniel, lest lie should lose both pre-emptions pri- or to the public sales, proved his right to and entered thfe quarter section on which he resided, under positive assurances, that in the event of its appearing that he was entitled to a pre-femption to thfe quarter section which he claimed by virtue of his cultivation, the entry Should be cancelled. On the second trial the right of pre-emption was awarded to McDaniel by the land officers. From this decision another appeal was taken by Orton to the commissioner of the general land office, who referred the question to the secretary of the treasury, which officer issued á peremptory order to the land officers to allow Ortoh the pre-emption, on the ground that McDaniel had forfeited all claim* by entering the quarter section on which he had settled; Shortly after this order, a patent wag issued.
It is charged that this order was procured by the fraud and misrepresentation of an agent of Orton.
There was a demurrer to thfe bill which was sustained and the bill dismissed.
In the Case of Lewis, vs. Lewis, this court held that it could not interfere with a title emanating from the United States, but in cases affected by fraud or with a trust. In that cáse, there being no allegation of fraud other than that of a fraudulent combination (a formal part of all bills) á demurrer to the bill was sustained on the ground that no answer to a mere charge of combination was necessary, and the facts set forth showed that the párty was entitled to ño relief. In this case, the court might have required an answer to thfe bill, had riot other facts appeared, which show that McDaniel is without redress.
We are not prepare'd to say that the opinion of the secretary of the treasury, that McDaniel, in entering the quarter section oh which he lived, forfeited his right of pre-emption to that which he claimed by virtue of his cultivation. By law he could not have both pre-emptions. He was compelled to elect one or the other of them; Having taken one, though under a protest, as it were, and with assurances from the land officers that it should be' cancelled upon its appearing that he was entitled to a pre-emption to the other quarter, he is bound thereby. That he may have been misled by these officers, cannot help him. He is in the condition of all those who act under mistaken or erroneous opinions.
*14 There is no authority in the register and receiver to permit a party to vacate his entry. Such a power might lead to great abuses, and produce much confusion in the system of land sales. By a conditional entry, making its continuance depend upon an event that may be long deferred, a sale of the public lands would be delayed and another proclamation would be necessary, thereby increasing the expenses attending the sale of them. The land not having been offered at public sale, would not be subject to private entry. All the adjoining lands having been sold, the sale of isolated parcels might not attract the number of purchasers that would attend the first sales.
The other judges concurring, the decree will be affirmed.